UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE<br><br>Willie Brown<br><br>Debtor | BANKRUPTCY APPEAL<br>Case No. 16-11443-RGS |

MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL
TO THE FIRST CIRCUIT COURT OF APPEALS

NOW COMES appellee Willie Brown, and respectfully moves the court to certify its decision and judgment in the above captioned case, entered on February 3, 2017, for immediate interlocutory appeal to the First Circuit Court of Appeals pursuant to 28 USC §1292(b). In support of his motion, Brown states as follows:

ARGUMENT

On July 6, 2016, Selene Finance filed a notice of appeal of the bankruptcy court's order, dated June 26, 2016, confirming Brown's chapter 13 plan, and elected to proceed to the District Court. An order confirming a plan is a final order, immediately appealable, so this court had jurisdiction. Bullard v. Blue Hills Bank, 135 S.Ct. 1686 (2015). On February 3, 2017, this court issued a decision and order reversing the bankruptcy court and remanding for further proceedings.

The issue presented, as defined by Brown, is whether the bankruptcy court may confirm a chapter 13 plan over the objection of a secured creditor, when the plan provides for vesting of the secured creditor's collateral in the creditor in accordance with §1322(b)(8) and (9). This court, however, stated the issue differently: "The issue is thus whether a plan can pair vesting and surrender." This seems to be a difference without a distinction.

The order of a District Court reversing and remanding is not final but is interlocutory. Pursuant to 28 USC §1292(b), this court may certify appeals for interlocutory review by the circuit court. The statute provides:

> **(b)** When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the

> litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however*, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

It is well settled that this provision applies in bankruptcy appeals to the district court. In Bullard v. Hyde Park Sav. Bank (In re Bullard), 752 F.3d 483 (1st Cir. 2014), *aff'd sub nom* Bullard v. Blue Hills Bank, 135 S. Ct. 1686 (2015), the First Circuit held that the appeal before it – from an order denying confirmation of a chapter 13 plan – was not final, but that

> Likewise, had he chosen to take his intermediate appeal to the district court rather than the BAP, he could have sought permission to appeal the district court's interlocutory order under 28 U.S.C. § 1292(b). Although neither of these routes provides for appeals as of right, they do provide a safety valve for situations in which delaying review by the court of appeals would be unjust or inappropriate.

Id. at 487 (noting at footnote 2 that the statute does not apply to interlocutory orders of the BAP)[1]. *See also* Connecticut National Bank v. Germain, 503 US 249 (1992).

The statute provides three criteria for certification:

1. The order involves a controlling question of law
2. as to which there is substantial ground for difference of opinion
3. and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.

The present matter meets all three.

1. There is no known binding precedent from the First Circuit or the Supreme Court on the issue of vesting pursuant to §1322(b)(9), nor is there persuasive precedent from any other circuit court. Thus the question of law controls the outcome of the bankruptcy case, especially since there are no other matters pending before the bankruptcy judge in this case. *Cf.* Bullard.

2. It cannot be gainsaid that there are conflicting decisions on the question. Of the five bankruptcy judges in Massachusetts, four have addressed the question, and are evenly split[2].

[1] Brown did request that the bankruptcy court certify the matter for direct appeal to the First Circuit pursuant to 28 USC §158(d)(2), but that request was denied because of the pendency, at the time, of the appeal in the Sagendorph case.

[2] Of the two in this district that approved of vesting plans, however, both have been reversed by the district court.

Courts in other districts seem to be almost evenly split, as well, although this court stated that "the overwhelming run of cases … has rejected forced vesting."

3. Given that an order confirming a plan is a final order but denial of confirmation is not, *see* Bullard, *supra*, and there are no other issues needing judicial intervention in the bankruptcy court in this case, an expeditious binding resolution of the appeal by the circuit court will materially advance the ultimate termination of the case since the issue of a new confirmation order will require further litigation in the bankruptcy court. On the other hand, if the circuit court agrees with Brown, that ends the litigation.

In Lawson v. FMR LLC, 724 F.Supp.2d 167 (D.Mass., 2010), Judge Woodlock certified a question under the statute notwithstanding that such certifications "are not looked upon with favor by the First Circuit", and citing Camacho v. Puerto Rico Ports Authority, 369 F.3d 570 (1st Cir., 2004), which stated that "Section 1292(b) is meant to be used sparingly, and appeals under it are, accordingly, hen's-teeth rare." Nonetheless, he found that, as in Camacho, the issues warranted certification. In both Lawson and Camacho, the circuit court granted a petition for interlocutory review.

Likewise, this court should certify the question to the First Circuit. As the First Circuit said in Bullard, the statute permits interlocutory appeals in situations where delay would be unjust or inappropriate. In Brown's view, decisions denying debtors the right to employ the vesting provision over a creditor's objection is unjust and inappropriate, and imports equitable considerations into the Bankruptcy Code, contrary to the principles enunciated in Law v. Siegel, 134 S.Ct. 1188 (2014) (even in the face of egregious debtor misconduct, a bankruptcy court cannot surcharge a debtor's properly claimed exemption absent statutory authority to do so, and 11 USC §105 is not such authority), and/or incorrectly give precedence to state law, even though federal law (i.e., the Bankruptcy Code) preempts applicable state law on this issue.

6 February 2017

Respectfully submitted,
Willie Brown, by his attorney,

/s/ David G. Baker

David G. Baker, Esq.
236 Huntington Avenue, Room 306
Boston, MA 02115
617-367-4260
BBO# 634889

Certificate of Service

The undersigned states upon information and belief that the within motion was served on the parties named below by the court's CM/ECF system on the date set forth above.

/s/ David G. Baker
David G. Baker, Esq.

Andrea V Lasker alasker@harmonlaw.com, swiley@harmonlaw.com

Robert M. Mendillo rmendillo@harmonlaw.com, swiley@harmonlaw.com