UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 16-11443-RGS

IN RE WILLIE D. BROWN

SELENE FINANCE LP

V.

WILLIE D. BROWN

# APPELLEE'S MOTION FOR SANCTIONS

NOW COMES Willie Brown, appellee, and respectfully moves the court pursuant to its inherent authority, *see* Marrama v. DeGiacomo et al, 127 S.Ct. 1105, 1112 (2007) (noting "the inherent power of every federal court to sanction 'abusive litigation practices,'"), and/or 28 USC 1927, for sanctions against Selene Finance and/or its attorneys, for willful and knowing disobedience of this court's order and/or Selene's (mis)representations to this court during oral argument. In support of this motion, Brown states:

## ARGUMENT

On February 3, 2017, this court entered an order, after oral argument, reversing and vacating the confirmation order entered by the bankruptcy court in the underlying chapter 13 case. In compliance with that order, the bankruptcy court also vacated the order. Thereafter, Brown filed an Amended Chapter 13 plan on February 20, 2017. *See attached*.

In this court's Memorandum and Order (document 23), the court noted, at page 6 – 7, "Selene's representation at the hearing that it would not object to a plan identical in every respect to the current one except for the excision of the forced vesting provision." As noted above, Brown filed a plan identical in every respect to the current one, except that he "excised" the forced vesting provision[1]. Following the procedure endorsed by the First Circuit and the Supreme

[1] There were some other minor necessary changes, such as recalculating the plan based on Brown's payments to the trustee in the interim. These are wholly immaterial, if not irrelevant, to the present issue.

Court in Bullard v. Blue Hills Savings Bank (In re Bullard), 752 F.3d 483, 488 (1st Cir., 2014), *aff'd* 135 S.Ct. 1686 (2015), Brown objected to confirmation of the undesirable plan and stated that he was doing so for the express purpose of having the bankruptcy court overrule his objection so that he could appeal a final order. *See attached.*

Going back on its representation to this court, Selene filed a "Response" to Brown's plan that essentially stated that because Selene had foreclosed the mortgage, the property was no longer property of the bankruptcy estate and the plan was improper because it did not acknowledge that fact[2].

Brown responded by pointing out that claims (and thereby what constitutes property of the bankruptcy estate) are determined as of the petition date, 11 USC 541(a)(1), and that as a result, a post-petition foreclosure or other sale of estate property does not change the requirements for confirmation in §1325. Thus, since Brown's plan conformed in every material respect to this court's order, the plan should have been confirmed.

Selene's "response" was, in effect, an objection to confirmation of a plan that was "identical in every respect to the current one except for the excision of the forced vesting provision." That Selene called it a "response" does not change the substance of the paper.

> "When *I* use a word," Humpty Dumpty said, in rather a scornful tone, "it means just what I choose it to mean—neither more nor less." "The question is," said Alice, "whether you *can* make words mean so many different things." "The question is," said Humpty Dumpty, "which is to be master—that's all."

Lewis Carroll (Charles L. Dodgson), *Through the Looking-Glass,* chapter 6, p. 205 (1934). *See also, e.g.,* Ira Green, Inc. v. Military Sales & Service Co., 775 F.3d 12 (1st Cir, 2014) ("Substance ought to triumph over form…").

Most likely motivated by Selene's "response" (although that was not explicitly stated), the bankruptcy court scheduled a status conference. At the conference, the bankruptcy court unambiguously stated that in its view the amended plan was "obsolete" (whatever that means) and that it would not confirm the plan, essentially for the reasons given in Selene's response. It also invited Selene or the chapter 13 trustee to file a motion to dismiss the case, apparently on the (mistaken) theory that there is no plan that Brown can propose that would be confirmable. The trustee accepted the invitation and filed the motion, to which Brown will object.

---

[2] Selene also maintained that Brown had no basis for "further appellate review", a contention that Brown disagrees with, but that is not necessarily at issue here.

Selene's actions in the bankruptcy court subsequent to this court's order of remand were bad faith, vexatious and unreasonable, to say the least. The First Circuit has stated:

> In this circuit we have never explicitly construed the language "unreasonably and vexatiously" contained in section 1927. Our prior decisions reveal, however, that while an attorney's bad faith will always justify sanctions under section 1927, we do not require a finding of subjective bad faith as a predicate to the imposition of sanctions. See Action Mfg., Inc. v. Fairhaven Textile Corp., 790 F.2d 164, 166 (1st Cir.) (sanctions imposed on appeal), *cert. denied*, 479 U.S. 854, 107 S.Ct. 188, 93 L.Ed.2d 122 (1986); United States v. Nesglo, Inc., 744 F.2d 887, 891-92 (1st Cir.1984); *see also* Lisa v. Fournier Marine Corp., 866 F.2d 530, 532 (1st Cir.) (sanctions imposed on appeal), *cert. denied*, ___ U.S. ___, 110 S.Ct. 75, 107 L.Ed.2d 41 (1989); Ochoa Realty Corp. v. Faria, 815 F.2d 812, 817-18 (1st Cir.1987) (sanctions imposed on appeal). Behavior is "vexatious" when it is harassing or annoying, regardless of whether it is intended to be so. Thus, if an attorney's conduct in multiplying proceedings is unreasonable and harassing or annoying, sanctions may be imposed under section 1927. The attorney need not intend to harass or annoy by his conduct nor be guilty of conscious impropriety to be sanctioned. It is enough that an attorney acts in disregard of whether his conduct constitutes harassment or vexation, thus displaying a "serious and studied disregard for the orderly process of justice." Nesglo, 744 F.2d at 891 (quoting Kiefel v. Las Vegas Hacienda, Inc., 404 F.2d 1163, 1167 (7th Cir.1968)); Action, 790 F.2d at 166. Yet, we agree with other courts considering this question that section 1927's requirement that the multiplication of the proceedings be "vexatious" necessarily demands that the conduct sanctioned be more severe than mere negligence, inadvertence, or incompetence. See Ruben, 825 F.2d at 984. Finally, in assessing whether an attorney acted unreasonably and vexatiously in multiplying proceedings, the district courts in this circuit should apply an objective standard.

Cruz v. Savage, 896 F.2d 626, 631 (1st Cir. 1990). The actions of Selene's attorney reflect a conscious disregard of his obligation to comply with the representations made to this court, upon which this court no doubt relied, at least in part. They were also annoying and harassing, by any objective standard, and intended to deny Brown the relief to which he is entitled and which he needs. The bankruptcy case was not filed (by another attorney) *solely* for the purpose of dealing with the real property; Brown has other debts, and dismissal of his case would be substantively harmful to him since those debts would not be discharged. Selene's attorneys are major players in the bankruptcy court, and their actions do not result from mere negligence, inadvertence or incompetence.

For all these reasons, Brown requests that this court impose an appropriate sanction. Brown respectfully suggests that Selene or its attorney be required to reimburse Brown for his attorney fees relative to the status conference, this motion, and the further proceedings in the bankruptcy court that will be required to remedy this harm, in the amount of $2,800,

representing an estimated eight hours at $350 per hour. In addition, Brown requests that Selene be ordered to withdraw its "response" and file a further statement assenting to confirmation, in accordance with its representations to this court, together with such other or different relief as to this court seems meet and just.

11 April 2017

Respectfully submitted,
Willie D. Brown, debtor
By his attorney,

/s/ David G. Baker

David G. Baker, Esq.
236 Huntington Avenue, Ste. 306
Boston, MA 02115
(617) 367-4260
BBO# 634889

CERTIFICATE OF SERVICE

The undersigned states upon information and belief that the within Motion and exhibits will be served upon the parties named below by the court's CM/ECF system on the date set forth above.

/s/ David G. Baker

David G. Baker, Esq.

Robert M. Mendillo rmendillo@harmonlaw.com, swiley@harmonlaw.com
Andrea V Lasker alasker@harmonlaw.com, swiley@harmonlaw.com